## Commonwealth *v.* Moore, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William A. Pistone,* for appellant.

*Maxine J. Stotland* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This is an appeal from the judgments of sentence of the Court of Common Pleas, Trial Division, of Philadelphia, by the appellant-defendant, Willis Moore, after conviction by a judge sitting without a jury of burglary and two counts of aggravated robbery.

On December 28, 1970 three men entered a Beef and Beer establishment. After ordering four quarts of beer, one of the three men pulled a gun on the bartender and announced that a holdup was taking place. Money was taken from the cash register and from one of the patrons sitting at the bar. Two wristwatches and a .38 Browning automatic revolver were also taken. Fifteen minutes later, four men were apprehended by the police

on the Grays Ferry Bridge. The appellant was found hunched down in the back seat of the car. Cash, the two wristwatches and the revolver were found in the automobile. Two of the men apprehended pled guilty.

The appellant admitted being in the bar, but claimed that he did not know anything about the robbery until it occurred and that he did not participate in the robbery. Neither the bartender nor the patron could identify the appellant as having participated in the holdup. However, Reginald Odoms, one of the participants in the holdup testified that the appellant did participate in the holdup.

Appellant's appeal involves the admission of a statement given to the police by Tommy McBurnette, the driver of the automobile, who did not enter the bar. In the statement McBurnette admitted planning the robbery with the appellant.

At the trial, in which McBurnette and the appellant were tried jointly, the statement was read into the record to show McBurnette's guilt. McBurnette took the stand and denied ever making the statement. The appellant now claims that the admission of the statement was reversible error since it amounted to hearsay so far as he was concerned. The admission of a co-defendant's confession implicating the defendant in a joint jury trial amounts to hearsay evidence and violates the defendant's right to confront witnesses against him. *Bruton v. United States,* 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968).

However, in the instant case, the statement of the co-defendant, as testified to by a police officer to whom it is alleged he gave the statement, was not objected to by the appellant. The record of the case reveals that counsel for the appellant specifically stated that he had no objection to the reading of the statement into the record so long as it was not considered by the trier of facts, as evidence of the appellant's

guilt. The trial court stated that such was the case and the statement was only considered as to its effect on the co-defendant's guilt. The co-defendant took the stand so subjecting himself to cross-examination and vigorously denied ever making the statement. Counsel for the appellant had an opportunity to cross-examine the co-defendant as to the statement.

Since unobjected to hearsay is competent evidence and the appellant had the opportunity to cross-examine and as this issue was never raised in the court below either at trial or in post-trial motions, the appellant cannot now validly claim that the admission of the statement necessitates a reversal of his conviction or a new trial.

Judgment of sentence affirmed.