Sheridan Johnson, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued March 10, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Marilyn Doria Weiler*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, April 26, 1977:

The appellant, Sheridan Johnson, having been discharged from his employment as a bus driver by Southeastern Pennsylvania Transportation Authority (SEPTA) sought unemployment compensation. The Bureau of Employment Security declared him ineligible because the separation from his employment was, in its view, for his willful misconduct. Johnson appealed and a referee conducted a first hearing on January 22, 1975, at which neither Johnson nor SEPTA was represented by counsel. SEPTA's representatives present testified from hearsay that John-

son was late for work on January 21, 1974 and that when Johnson finally appeared the dispatcher, one Sweeney, assigned Johnson to a later run and that Johnson refused to accept or perform this assignment. Johnson said he was not assigned to another run and therefore didn't refuse to take one. SEPTA's representatives produced a document on a SEPTA form called a Miss Report signed by Sweeney and dated January 21, 1974, containing the following information, the part italicized being in handwriting:

MISS REPORT—TRAINMEN AND BUSMEN
Transportation Department

Depot *Bus*                    Date of Miss *1/21/74*
Name *S. Johnson*                  . Badge *75753*
Run *954* Sch. Report *7.10  A* Report *8:05  A.M. Missed by 55 Min.*

Remarks *At 8:30 A.M., I assigned Johnson 906 run reporting at 10:22 A.M.  He refused to take the run, and did not show at reporting time.*

*[Sweeney]*
Depot Dispatcher

This business record was admitted into evidence, without, of course, objection by Johnson.  The referee found that Johnson refused to take the 10:22 run, that this was the cause of the separation and concluded that he was ineligible for compensation because he was discharged for his willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

As often happens in these cases, the claimant sought legal help only after the referee's decision went against him.  Very able counsel assigned him by the Philadelphia Community Legal Services asked for and obtained from the Board of Review an order of re-

mand. We learn from the referee's statement at the second hearing conducted on December 4, 1975, that the purpose of the remand was that the testimony of Sweeney, the dispatcher, might be procured. SEPTA did not produce Sweeney at the second hearing and the record consists of a repetition by Johnson of his testimony at the first hearing and of colloquy concerning Sweeney's absence and the admissibility of the Miss Report which had been received in evidence at the first hearing. When the record came back, the Board of Review adopted the findings of the referee made after the first hearing and denied benefits.

The appellant says that we should reverse the Board of Review because the Miss Report, which supplies the only evidence that Johnson refused to take an assigned run, was hearsay and that a decision based solely on hearsay cannot stand. This is a correct statement of the law for "[h]earsay evidence, *properly objected to,* is not competent evidence to support a finding . . . [h]earsay evidence, *admitted without objection,* will be given its natural probative effect and may support a finding . . . *if it is corroborated by any competent evidence in the record,* but a finding of fact based *solely* on hearsay will not stand." *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976). (Emphasis in original.) (Citations omitted.)

However, Pennsylvania has adopted the Uniform Business Records as Evidence Act, Act of May 4, 1939, P.L. 42, 28 P.S. §91a et seq., Section 2, 28 P.S. §91b, of which provides:

A record of an act, condition or event shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, con-

dition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

Johnson says that the Miss Report does not qualify for admission under Section 2 because (1) Sweeney did not testify and was not shown to be unavailable, and (2) no other witness identified and otherwise qualified the Miss Report. Sweeney did not have to be unavailable in order that the Miss Report be admissible. *Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973); *Wigmore on Evidence, Chadbourne Revision*, 1974, Vol. 5, §1521, fn. 1. Further, any fault in the identification and qualification of the Miss Report could not be considered on appeal because no objection was made when it was introduced into evidence. *Rockwell v. Stone*, 404 Pa. 561, 173 A.2d 48 (1961). We therefore conclude that the Miss Report was properly in evidence at the conclusion of the first hearing.

However, by Section 504 of the Unemployment Compensation Law, 43 P.S. §824, the Board of Review, not the referee, is the ultimate finder of the facts and the judge of the record. The Board remanded the case to the referee for the purpose of obtaining Sweeney's testimony. This we believe was tantamount to a ruling of the Board that the Miss Report should not have been received in evidence and that Sweeney's testimony of the event was necessary. Pennsylvania has adopted the view that by Section 2 of the Uniform Business Records as Evidence Act the Legislature intended to give the trial court and, in an administrative agency case, the trier of fact, discretionary power as to the admissibility of business records although they meet the Act's standards. *Henderson v. Zubik*, 390 Pa. 521, 136 A.2d 124 (1957).

As noted, the employer did not produce Sweeney at the second hearing[1] and the Board of Review nevertheless affirmed the Board's denial of benefits. In so doing it repeated what it did in *Unemployment Compensation Board of Review v. Stiles*, 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975), in almost identical circumstances. As we said in *Stiles*, the Board is not required to decide cases without testimony necessary to a proper determination and it not only may, but is under a duty to, subpoena witnesses in order to render a proper final decision. The Board having been, as appears, not satisfied that the Miss Report should have been admitted, and having decided that Sweeney's testimony was necessary, should not have simply decided the case for the employer without further effort to get Sweeney's testimony.

ORDER

AND Now, this 26th day of April, 1977, the appeal of Sheridan Johnson is sustained and the order of the Unemployment Compensation Board of Review is hereby reversed and the record remanded for action by the Board not inconsistent with this opinion.

Judge KRAMER concurs in the result only.

---

[1] Sweeney was still employed by SEPTA at this time. Johnson testified to several alleged reasons why Sweeney might be impelled to do him harm.