Theresa J. Ceja, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1978, before Judges ROGERS, DISALLE and CRAIG, sitting as a panel of three.

*Marian E. Frankston,* with her *G. David Pauline,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, April 3, 1979:

Theresa Ceja (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits to her by reason of a determination that her discharge from employment was due to willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). It is conceded by the Board that the sole basis for the referee's decision consisted of hearsay evidence which was submitted by a representative of Claimant's employer, the Pennsylvania Department of Revenue (Department).[1]

In *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976), we held that unobjected to hearsay will be given its natural probative effect and may support a finding if it is corroborated by any competent evidence in the record. Since no proper objection was made to the admission of the hearsay evidence involved here, the question becomes whether any competent evidence corroborates the hearsay.[2]

---

[1] Without cataloguing the specific substance of each of the 13 memoranda comprising the Department's entire case, suffice it to say that 8 of the memoranda consisted of reports of incidents involving Claimant's alleged misconduct and summaries of disciplinary proceedings which followed; 3 of the memoranda were official notifications of discipline; and the 2 remaining memoranda consisted of eyewitness accounts of Claimant's behavior on December 6 and 7 of 1976, the flash point of Claimant's allegedly disruptive employment history with the Department.

[2] The Board, citing *Johnson v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 14, 372 A.2d 957 (1977). argues that the objection to the identification and qualification of the documents as business records (*see infra*) cannot be considered on appeal in the absence of an objection below. In view of the total

Recognizing that the record contains no evidence to corroborate any of the allegations made against the claimant,[3] the Board argues that the documents themselves are competent evidence under Section 2 of the Uniform Business Records as Evidence Act (Act), Act of May 4, 1939, P.L. 42, 28 P.S. §91b.[4]

Initially, we note that the Act does not make all business records competent regardless of the manner in which and the purpose for which they were compiled. *Haas v. Kasnot*, 371 Pa. 580, 92 A.2d 171 (1952). Rather, the Act imposes specific requirements which must be met if the evidence in question is to be admitted.

In the instant case, assuming *arguendo* that the memoranda were otherwise admissible under the Act, we find that the Department failed to lay the proper

absence of any effort on the part of the Department's representative—who was himself an attorney—to document or authenticate any of the memoranda he offered into evidence, we believe that the Board's reliance on *Johnson* is misplaced. Further, we note that the *Walker*, *supra*, rule with regard to unobjected to hearsay makes it clear that the failure to make an objection to the admission of hearsay evidence does not preclude appellate inquiry into the hearsay nature of the evidence or whether the necessary corroboration exists in the record.

[3] Claimant does admit that she had been disciplined prior to being discharged; however, she denies having engaged in the wrongful conduct allegedly warranting such discipline. More importantly, she denies having used any abusive or profane language, or engaging in any disruptive conduct, on December 6 or 7, 1976.

[4] Section 2 of the Act provides as follows:

A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

foundation for the introduction of the relevant documents. No evidence was introduced to show the identity and mode of preparation of any of the memoranda, or whether they were made in the regular course of business or at or near the time of the events. *See Jones Appeal,* 449 Pa. 543, 297 A.2d 117 (1972); *Commonwealth v. Perdok,* 411 Pa. 301, 192 A.2d 221 (1963). We have no difficulty concluding, therefore, that the Department's documentary evidence does not fall within the hearsay exception afforded by the Act. Since the Board's finding of willful misconduct was supported solely by uncorroborated hearsay, it cannot stand. The Department having failed to meet the requisite burden of proving willful misconduct, we will reverse the order of the Board.[5]

ORDER

AND Now, this 3rd day of April, 1979, the order of the Unemployment Compensation Board of Review dated May 16, 1977, is hereby reversed and the case remanded for computation of benefits.

---

[5] The Board requests that we reconsider our position in *Walker, supra,* with respect to the hearsay rule. We are not disposed to do so.