University of Pittsburgh, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Martin R. Davis, Respondents.

506

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*James Cheslock,* with him, *James J. Restivo, Jr., Diane W. Perer, Reed, Smith, Shaw & McClay,* and *Matthew E. Jackson, Jr.,* Assistant University Counsel, for petitioner.

*Joseph Masar,* with him, *Elsa Newman-Silverstine,* Assistant Attorney General and *John Stember,* for respondents.

OPINION BY JUDGE MACPHAIL, April 15, 1980:

The University of Pittsburgh (Employer) brings this appeal from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's order granting unemployment compensation benefits to Martin R. Davis (Claimant). Employer contends that Claimant was dismissed from his position as a janitor at the University for conduct constituting willful misconduct thereby rendering him ineligible for unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, as amended, 43 P.S. §802(e). The Bureau (now Office) of Employment Security agreed with Employer and denied benefits. The referee and the Board found no willful misconduct, however, and awarded benefits to Claimant. Employer raises two issues for our consideration: whether the Board erred as a matter of law when it determined that Claimant should not be disqualified

from benefits because of willful misconduct and whether that decision is contrary to the evidence presented. We affirm the order of the Board.

It is well established that

For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employer, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973). The burden of proving willful misconduct is on the employer, *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 293, 398 A.2d 1110, 1111 (1979), and whether one's actions constitute willful misconduct is a question of law subject to review by this Court, *Murraysville Telephone Co. v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 35, 37, 398 A.2d 250, 251 (1979). Where, as here, employer does not prevail before the Board, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Aluminum Co. of America v. Theis,* 11 Pa. Commonwealth Ct. 587, 590, 314 A.2d 893, 895 (1974). We have defined capricious disregard as the "willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result." *Potts v. Unemployment Com-*

*pensation Board of Review,* 46 Pa. Commonwealth Ct. 407, 410, 406 A.2d 585, 586 (1979).

The Board made four formal findings of fact in this case: (1) Claimant was last employed by Employer as a custodian on June 23, 1978 at a rate of $4.67 per hour, (2) Claimant was discharged from work for "alleged low productivity, his attitude, and allegedly failing to comply with departmental policies," (3) Claimant's work was not "subject to low productivity" and he made an effort to comply with departmental policies, and (4) Claimant is mentally retarded and he performed his duties to the best of his ability. Based upon these findings of fact, the Board ruled that Claimant's discharge could not be founded on willful misconduct.

Our review of the entire record leads us to no evidence to support the findings that Claimant's work was not subject to low productivity, that he made an effort to comply with departmental policies, or that he performed his duties to the best of his ability.[1] We nevertheless affirm the order of the Board because our review of the record also indicates that Employer failed to carry its burden of proving willful misconduct.

The only evidence introduced by Employer was the testimony of John Shamlin, superintendent of the University's facilities maintenance department. Shamlin's entire testimony consisted of his reading from personnel reports prepared by various persons who, at one time or another, had supervised Claimant. The reports clearly constituted hearsay and Claimant's counsel objected to them as such. We have repeatedly held that hearsay evidence to which a proper objection has been made is not competent to support

---

[1] The other findings of fact are supported by evidence on the record.

a finding of the Board. *Bracy v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 173, 175, 382 A.2d 1295, 1297 (1978); *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976).

Employer asserts that Shamlin's testimony is competent for either of two reasons. First, it argues that Shamlin did have first hand knowledge to support some of his testimony and that, therefore, it was not hearsay. It is true that Shamlin testified that he had met with Claimant approximately nine to eleven times over a six year period and that he had personally issued several letters and disciplinary statements to Claimant. The difficulty with this aspect of Shamlin's testimony is that the meetings, letters, and statements also were based on conversations with and reports by others. Shamlin never testified that he personally witnessed Claimant doing or refusing to do any of the acts alleged to constitute willful misconduct. Shamlin's testimony was pure hearsay properly objected to by Claimant and cannot support a finding of willful misconduct.

Employer's second argument is that if Shamlin's testimony was hearsay it was admissible pursuant to the Uniform Business Records as Evidence Act (Act), Section 6108(b) of the Judicial Code, 42 Pa. C.S. §6108(b).[2] We disagree. In *Ceja v. Unemployment Compensation Board of Review,* 41 Pa. Common-

---

[2] The Act states:

A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

wealth Ct. 487, 489, 399 A.2d 807, 808 (1979), we stated that:

> [T]he Act does not make all business records competent regardless of the manner in which and the purpose for which they were compiled.
> . . . Rather, the Act imposes specific requirements which must be met if the evidence in question is to be admitted. [Citation omitted.]

As in *Ceja,* Employer failed to lay the proper foundation for the introduction of the documents from which Shamlin testified. *See also Jones Appeal,* 449 Pa. 543, 297 A.2d 117 (1972) and *Beard v. Department of Public Welfare,* 42 Pa. Commonwealth Ct. 393, 400 A.2d 1342 (1979). Without the proper foundation having been laid, the evidence is not admissible as an exception to the hearsay rule.

Employer argues that if we find that it did not lay a proper foundation for the admission of the business records, we should not affirm the Board but should remand this case to give it an opportunity to do so. The basis of Employer's request is its belief that the referee overruled Claimant's hearsay objection thereby making it unnecessary for Employer to try to introduce the evidence under the business record exception.

There are two flaws in Employer's reasoning. First, Employer's conduct at the hearing belies the argument that it thought the referee had overruled the objection.[3] Employer's counsel began to lay the foundation for the business records exception. He tried to establish that Shamlin was the custodian of the records. He did not pursue the matter further, however, to establish the mode of preparation of the documents, whether they were made in the regular

---

[3] In fact, the referee did not rule explicitly on the objection, but allowed Claimant a "continuing objection" on the record.

course of business, or whether they were made at or near the time of the events reported. Second, the referee's decision indicates that even without the foundation for the exception having been made, she considered all of the evidence presented and could not find proof of willful misconduct. Reviewing the same evidence, the Board affirmed. We see nothing that could be accomplished by remanding this case for further proceedings concerning the business record exception.

Employer failed to prove that Claimant's actions constituted willful misconduct. The order of the Board is affirmed.

ORDER

AND Now, this 15th day of April, 1980, the order of the Unemployment Compensation Board of Review, No. B-170674, entered April 2, 1979, is affirmed.