413 A.2d 658

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry Leath WILLIAMS, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 3, 1980.

Decided April 25, 1980.

John A. Halley (Court-appointed), Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Charles W. Johns, Asst. Dist. Atty., Pittsburgh, for appellee.

EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In June, 1973, in the Court of Common Pleas of Allegheny County, the appellant, Henry Leath Williams, pled guilty to two counts of murder and to an additional count of assault and battery with intent to commit armed robbery. In May, 1979, a Post Conviction Hearing was held following which a denial was entered with respect to the only claim for relief asserted: that trial counsel was ineffective for advising that such pleas be entered pursuant to a plea bargain whereby two concurrent life sentences were imposed. Appellant's

brief mentions in passing numerous dissatisfactions with trial counsel but frames the issue on appeal as an assertion that counsel, following the denial of a motion to suppress appellant's confession, should have proceeded with a trial and then pursued on appeal the suppression issue. After a thorough review of the record and of the alternatives available to counsel, we find counsel to have been effective.

Lacking any evidence with which to defend these charges on the merits, trial counsel had only one alternative to the plea bargain. That alternative, which consisted of proceeding to trial, involved the risk of obtaining a judgment of two *consecutive* life sentences on the murder counts plus an additional term of years for assault and battery with intent to commit armed robbery. This option, viewed in light of the less than arguable possibility of then successfully challenging on appeal the denial of the suppression motion, lacked reasonable merit.

Broad grounds were asserted for the original suppression motion but at the hearing on the motion trial counsel delimited the issue to be an assertion that police lacked probable cause for the arrest and, hence, that incriminating statements obtained thereby should be excluded. The crimes of which appellant was convicted involved the fatal shooting, in the course of an attempted armed robbery, of a doctor and nurse in a medical office. While at the scene of the crime, detectives received information that the person responsible for the shootings was a young man named "Bucky" and subsequent investigation revealed this name to be a reference to appellant who had been residing with his half-sister in an apartment adjacent to the crime scene. The next day, detectives questioned the half-sister concerning appellant's whereabouts and she divulged that she met appellant in a garage after he fled the scene of the shooting and that he admitted guilt of the crime and asked for assistance. The half-sister reported that she then drove appellant to an abandoned bungalow for concealment over-

night. To avoid being charged as an accessory after the fact, she led detectives to the bungalow, and, after entering to talk with appellant, she emerged with the appellant who approached the vehicle where the detectives were waiting and surrendered himself whereupon he was arrested. On these facts, the probable cause requirement was clearly satisfied.

Furthermore, while trial counsel first testified at the PCHA hearing that there may have been a suppression issue worthy of pursuit involving coercion of statements from appellant, upon further recollection and consideration of the case he testified that to have argued that statements were obtained from appellant through coercion would have been, in his opinion, devoid of legal merit. With this latter conclusion we agree, for the record discloses that appellant was fully apprised of his rights and treated with a high degree of consideration: no coercion was even attempted.

██ Whether a "particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest" is the test for effectiveness of counsel. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Such a standard necessitates a determination of whether matters counsel failed to pursue had a reasonable basis. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). The suppression issue here tested lacked a reasonable basis for arguable merit and, consequently, counsel's decision favoring the plea bargain reasonably effectuated his client's interest.[1]

Order Affirmed.

LARSEN and KAUFFMAN, JJ., concur in the result.

1. Since trial counsel lacked an arguable suppression issue for appeal a plea bargain was the reasonable course despite confusion between appellant and his counsel with respect to whether one life sentence was being imposed or two separate but concurrent sentences were bargained for.