421 A.2d 172

**COMMONWEALTH of Pennsylvania,**

v.

**Otis WALKER, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued May 23, 1980.

Decided Sept. 22, 1980.

Colie B. Chappelle, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty., Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Gaele McLaughlin Barthold, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.[1]

On December 9, 1975, Harold Berry and Jerome Thomas were stabbed and beaten on the street in North Philadelphia by members of a nearby street gang. Berry died as a result of his wounds, and appellant Otis Walker was arrested for his participation in the incidents. After trial by jury, appellant was convicted of murder of the third degree, aggravated assault, criminal conspiracy, and possessing instruments of a crime. Post–verdict motions were denied, and appellant was sentenced to consecutive prison terms of ten to twenty years on the murder conviction and one to two years on the aggravated assault conviction. Sentence on the other two convictions was suspended.

Appellant appealed these judgments of sentence to this court, and the appeal was transferred to a Special Transfer Panel of the Superior Court. That Panel denied appellant's prayer for relief on all grounds asserted, except appellant's allegation that the trial court erred in refusing his request for a jury instruction on the offense of involuntary manslaughter. The Panel noted the conflicting authority on this

1. This case was assigned to this writer after oral argument on May 23, 1980, but could not be proceeded with at that time because appellant's counsel was given until June 23, 1980 to file a supplemental brief. On June 20, 1980, appellant's counsel requested and received a ten day extension of time within which to file his supplemental brief. This extension expired on July 4, 1980, at which time the supplemental brief had not yet been filed. On July 16, 1980, appellant's counsel filed a motion for permission to file the supplemental brief nunc pro tunc. That motion was denied on July 21, 1980, and the record and notes of testimony were forwarded to this writer.

issue, *see Commonwealth v. Hinson*, 485 Pa. 626, 403 A.2d 564 (1979) and *Commonwealth v. Thomas*, 482 Pa. 312, 393 A.2d 1122 (1979), and transferred the case to this Court for resolution of that question.

Recently, in *Commonwealth v. White*, 490 Pa. 179, 415 A.2d 399 (1980), *Commonwealth v. Williams*, 488 Pa. 625, 413 A.2d 658 (1980), it was held that "in a murder prosecution, an involuntary manslaughter charge shall be given only when requested, and where the offense has been made an issue in the case and the trial evidence reasonably would support such a verdict." 490 Pa. at 186, 415 A.2d at 402. In the instant case, the offense of involuntary manslaughter was not at issue and the evidence would not reasonably have supported a verdict of guilty of that offense. The Commonwealth's evidence unquestionably established an intentional killing, and appellant's defense was that he went to the scene of the crimes anticipating only a "fair" fistfight, and fled as soon as his fellow gang members drew their knives. Thus, if appellant's version of the incidents was accepted by the jury, he should have been acquitted of murder, not found guilty of involuntary manslaughter, and the trial court properly refused his request for a jury instruction on that offense.

Consequently, the judgments of sentence are affirmed.

ROBERTS, J., filed a dissenting opinion in which O'BRIEN, J., joined.

ROBERTS, Justice, dissenting.

For the reasons set forth in my dissenting opinions in *Commonwealth v. White*, 490 Pa. 179, 186, 415 A.2d 399, 402 (1980) and *Commonwealth v. Williams*, 490 Pa. 187, 194, 415 A.2d 403, 406 (1980), I adhere to the view that under the express language of the Crimes Code, 18 Pa.C.S. § 2501(a), a defendant is entitled upon request to a jury instruction on involuntary manslaughter. Because appellant's timely request for an involuntary manslaughter instruction was im-

properly denied, judgment of sentence should be reversed and a new trial granted.

O'BRIEN, J., joins in this dissenting opinion.