455 A.2d 700

**COMMONWEALTH of Pennsylvania**

v.

**Johnnie Lee RUTH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 1982.

Filed Jan. 21, 1983.

Petition for Allowance of Appeal
Denied April 15, 1983.

460

William A. Fetterhoff, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

Johnnie Lee Ruth was tried by jury and was found guilty of murder in the third degree in connection with the bedroom slaying of his wife. On direct appeal from the judgment of sentence, he contends (1) that the Commonwealth's evidence was insufficient to prove his sanity at the time of the killing and (2) that the trial court erred in allowing the prosecution to make a pre-trial examination of edited, defense, psychiatric reports. We find no merit in these contentions and, accordingly, affirm the judgment of sentence.

In reviewing the sufficiency of the evidence the test is whether, accepting as true all the evidence and all reason-

able inferences therefrom, upon which the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Lovette*, 498 Pa. 665, 669, 450 A.2d 975, 977 (1982); *Commonwealth v. Goldblum*, 498 Pa. 455, 466, 447 A.2d 234, 240 (1982); *Commonwealth v. Horner*, 497 Pa. 565, 568, 442 A.2d 682, 683 (1982); *Commonwealth v. Zenyuh*, 307 Pa.Super. 253, 259–260, 453 A.2d 338, 341 (1982); *Commonwealth v. Fortune*, 305 Pa.Super. 441, 447, 451 A.2d 729, 732 (1982). Moreover, the evidence must be read in a light most favorable to the Commonwealth as verdict winner, which is entitled to all reasonable inferences arising from such evidence. *Commonwealth v. Smith*, 484 Pa. 71, 73–74, 398 A.2d 948, 949 (1979); *Commonwealth v. Stasiak*, 305 Pa.Super. 257, 263, 451 A.2d 520, 523 (1982); *Commonwealth v. Alston*, 269 Pa.Super. 573, 576, 410 A.2d 849, 851 (1979).

The body of the decedent was found by police, who were responding to a disturbance call, on a bed in the presence of appellant. Her body contained 42 stab and chop wounds apparently caused by one or more sharp instruments. Also found at the scene and containing blood stains were a butcher knife, a hatchet, and a sharpened screw driver. Neighbors testified that they had heard the decedent crying for help at a time when she and appellant were alone in their apartment. There was also evidence showing a history of physical abuse inflicted by appellant upon his wife.

Appellant, an epileptic, pleaded insanity. Specifically, the defense contended that appellant had suffered a psychomotor seizure at the time of the assault upon his wife. Defense witnesses testified to prior seizures, and psychiatric and psychological opinions attributed legal insanity to appellant at the time of the killing. The Commonwealth countered with testimony from lay witnesses who said that appellant seemed normal and coherent immediately following the killing. There was also evidence that appellant had not suffered epileptic seizures during the several months

462

preceding his wife's death. Finally, there was testimony that appellant had threatened his wife earlier on the day on which the killing occurred.

In cases such as this where there is sufficient evidence to raise the issue of insanity, the burden is on the Commonwealth to establish the defendant's sanity beyond a reasonable doubt. *Commonwealth v. Scarborough,* 491 Pa. 300, 421 A.2d 147 (1980); *Commonwealth v. Hicks,* 483 Pa. 305, 396 A.2d 1183 (1979); *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974). However, "[t]he law in Pennsylvania is still the M'Naghten test. It is not intended to separate the emotionally disturbed defendants from the emotionally healthy. Rather, it is intended to include defendants, both disturbed and healthy, among those who are held criminally responsible." *Commonwealth v. Demmitt,* 456 Pa. 475, 481, 321 A.2d 627, 631 (1974). See also: *Commonwealth v. Weinstein,* 499 Pa. 106, 451 A.2d 1344 (1982).

Moreover, while psychiatric testimony is of probative value, it is within the province of the jury to determine the credibility and weight of such evidence. *Commonwealth v. Vogel,* 468 Pa. 438, 447–448, 364 A.2d 274, 279 (1976); *Commonwealth v. Demmitt, supra,* 456 Pa. at 481, 321 A.2d at 631; *Commonwealth v. McCusker,* 448 Pa. 382, 391, 292 A.2d 286, 291 (1972). Indeed, "[e]vidence on a defendant's mental condition can just as credibly come from the testimony of lay witnesses 'concerning the defendant's actions, conversations and statements at the time of the killing from which the jury could find that he knew what he was doing when he killed and knew it was wrong.' *Commonwealth v. Demmitt, supra,* 456 Pa. at 483, 321 A.2d at 632; *Commonwealth v. Zlatovich,* 440 Pa. 388, 391, 269 A.2d 469, 471 (1970)." *Commonwealth v. Vogel, supra* 468 Pa. at 448, 364 A.2d at 279.

Looking at the evidence in a light most favorable to the Commonwealth, it seems clear that sufficient evidence was presented from which the jury could have found be-

yond a reasonable doubt that appellant was legally sane when he killed his wife.

Pa.R.Crim.P. 305 C(1)(b) provides:

Notice of Insanity or Mental Infirmity Defense: A defendant who intends to offer at trial the defense of insanity, or a claim of mental infirmity, shall, at the time required for filing an omnibus pretrial motion under Rule 306, file of record notice signed by the defendant or the attorney for the defendant, with proof of service upon the attorney for the Commonwealth, specifying intention to claim such defense. Such notice shall contain specific available information as to the nature and extent of the alleged insanity or claim of mental infirmity, the period of time which the defendant allegedly suffered from such insanity or mental infirmity, and the names and addresses of witnesses, expert or otherwise, whom the defendant intends to call at trial to establish such defense.

Pa.R.Crim.P. 305 C(2) provides further as follows:

(2) Discretionary With the Court:

In all court cases, if the Commonwealth files a motion for pretrial discovery, the court may order the defendant, subject to the defendant's rights against compulsory self-incrimination, to allow the attorney for the Common-wealth to inspect and copy or photograph any of the following requested items, upon a showing of materiality to the preparation of the Commonwealth's case and that the request is reasonable:

(a) results or reports of physical or mental examina-tions, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief, or which were prepared by a witness whom the defend-ant intends to call at the trial, when results or reports relate to the testimony of that witness, provided the defendant has requested and received discovery under paragraph B(1)(e).

Paragraph B(1)(e) requires the Commonwealth, upon request of a defendant, to permit defendant's attorney to inspect and copy:

"results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant, which are within the possession or control of the attorney for the Commonwealth."

In the instant case, defense counsel gave notice to the District Attorney that "Johnnie Lee Ruth was suffering from two mental disorders: temporal lobe epilepsy and paranoid schizophrenia." No other information pertaining to the alleged insanity defense was given, and Commonwealth requests therefor were refused. Meanwhile, defense counsel had requested discovery from the Commonwealth under Rule 305 B(1)(e). From a form request for discovery, however, defense counsel carefully erased the reference to "mental" examination. Specifically, in paragraph 5 of his discovery request, defense counsel asked for:

"5. results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical ('or mental' was erased) examination of the defendant, which are within the possession or control of the attorney for the Commonwealth."

Pursuant to this request, the defense was given copies of scientific reports and pathological examination reports available to the Commonwealth. Nevertheless, the defense refused the Commonwealth's requests to examine psychiatric and psychological reports relied upon by the defense to prove insanity. Therefore, the Commonwealth requested and the court directed defense counsel to produce copies of written reports which had been prepared by the defense psychiatrist and psychologist. When the defense objected that the reports contained statements which had been made by the defendant, the court required that the reports be delivered to the court which, before delivering the same to the Commonwealth, edited them by removing therefrom

any inculpatory or other statements made by appellant to his examiner.

Appellant contends that the court erred by allowing such discovery by the Commonwealth. We disagree. We reject emphatically the contention that defense counsel could insulate from discovery the written reports of defense psychiatrists by the expedient of eliminating from his Rule 305 B(1)(e) request for discovery any reference to "mental" examinations. Such a narrow interpretation of Rule 305 C(2)(a) is unwarranted and is contrary to the expressed intent thereof. Indeed, such an interpretation would defeat the purpose of discovery. The comments to Rule 305 explain: "In order to provide adequate information for informed pleas, expedite trials, minimize surprise, afford opportunity for effective cross-examination, and meet the requirements of due process, *discovery before trial should be as full and free as possible* consistent with protection of persons, effective law enforcement, the adversary system, and national security." (emphasis supplied). Our interpretation of Rule 305 will enhance the right of discovery and encourage bench and bar alike to place a liberal interpretation on this rule to achieve the many advantages of full discovery.

There was neither violation of these discovery rules nor prejudice to appellant by the order allowing the representatives of the Commonwealth to examine reports of mental and psychological examinations made of appellant. Although appellant contends that it was error to allow the Commonwealth to examine reports containing potential inculpatory statements made to his doctors, he concedes that the trial court edited the reports and is unable to direct us to any privileged or improper matter that was given to the Commonwealth or any violation of appellant's privilege against self-incrimination. Our own examination likewise discloses no prejudice.

For these reasons, we conclude that the trial court properly exercised the discretion which had been vested in it by Rule 305. Its order allowing the Commonwealth to exam-

466

ine edited copies of defense psychiatric and psychological reports did not constitute error.

The judgment of sentence is affirmed.