561 A.2d 1236

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth C. MORRIS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 2, 1988.

Filed July 7, 1989.

William P. McVay, Public Defender, Bradford, for appellant.

Before BROSKY, ROWLEY and MONTEMURO, JJ.

ROWLEY, Judge:

This appeal of Kenneth C. Morris is from the judgment of sentence of life imprisonment that was imposed following a non-jury verdict of guilty of murder of the first degree but mentally ill. Appellant's sole argument on appeal is that a defendant who has been found "mentally ill" pursuant to 18 Pa.C.S. § 314 is necessarily incapable of the "willful, deliberate and premeditated killing" upon which a guilty verdict of murder of the first degree, 18 Pa.C.S. § 2502, is based. For the reasons set forth below, we affirm the judgment of sentence.

The facts of the case, briefly summarized, are as follows: On August 30, 1986, appellant, accompanied by his girlfriend, Donna Kilpatrick, drove to the home of Kilpatrick's daughter Tina in Bradford, Pennsylvania, in order to retrieve a hunting rifle belonging to appellant. Kilpatrick, fearing that appellant was suicidal, had earlier taken the rifle to her daughter's home. As they were parked in the driveway outside Tina's home, the couple argued, and Kilpatrick attempted to leave the car and go into the house. Appellant pulled her back into the car, stabbed her with a hunting knife that he had brought with him, and drove off. An autopsy revealed a total of nine stab wounds. Appellant eventually wrecked the car in New York State. After putting Kilpatrick's body in the trunk of the car, he wrote a note explaining that a former girlfriend had "caused all this" and that "Donna was good to me so I wanted to take her with me." At some point appellant also stabbed himself in the abdomen in an apparent suicide attempt. In statements to police officers, emergency and hospital personnel, and an examining psychiatrist, he admitted killing Kilpatrick.

At the non-jury trial, defense counsel attempted to prove that appellant was not guilty by reason of insanity. The expert witness for the defense, Dr. Jodh Sanghi, testified that he had diagnosed appellant as suffering from "bipolar

illness," formerly called manic-depressive disorder, and that he saw no evidence to indicate that appellant had the willfulness or the premeditation to commit harm to Kilpatrick (N.T., 151, 166). His testimony was disputed by that of the Commonwealth's witness, Dr. Anthony Montecalvo, who diagnosed appellant as suffering from an adjustment disorder and not from bipolar illness (N.T., 244–47).

The trial court, after concluding that appellant had understood both the nature and the wrongfulness of his act, found him legally sane and guilty of murder of the first degree but mentally ill. Post-trial motions were filed and denied. On September 23, 1987, the court imposed a sentence of life imprisonment pursuant to 18 Pa.C.S. 1102(a) and directed that appellant receive treatment pursuant to the Mental Health Procedures Act, 50 P.S. § 7101 et seq. This timely appeal followed.

The argument raised by appellant in this appeal turns upon the Crimes Code's allegedly incompatible definitions of "guilty but mentally ill" and "murder of the first degree." [1] Section 314(a) of the Crimes Code, 18 Pa.C.S. § 314(a), states that

[a] person who timely offers a defense of insanity in accordance with the Rules of Criminal Procedure may be found "guilty but mentally ill" at trial if the trier of facts finds, beyond a reasonable doubt, that the person is guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the commission of the offense.

As defined in 18 Pa.C.S. § 314(c)(1), a "mentally ill" person is "[o]ne who as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." This definition establishes a less rigorous standard than, but is similar in language to, the M'Naghten rule, *The Queen v. M'Naghten*, 10 Cl. & Fin.

---

**1.** We are required to proceed without the benefit of the Commonwealth's response to appellant's argument, as the Commonwealth has not filed an appellate brief.

200, 8 Eng.Rep. 718 (1843), which since *Commonwealth v. Mosler*, 4 Pa. 264 (1846), has been the test for legal insanity in this Commonwealth, *Commonwealth v. Reilly*, 519 Pa. 550, 558–59, 549 A.2d 503, 507 (1988), and which is specifically preserved in 18 Pa.C.S. § 314(d). Under the *M'Naghten* rule, a person is legally sane, and therefore criminally responsible, unless at the time of the commission of the criminal act, due to a defect of reason or disease of the mind, he or she (1) did not know the nature and quality of the act or (2) did not know the act was wrong. *Commonwealth v. Banks*, 513 Pa. 318, 330, 521 A.2d 1, 7 (1987), *cert. den.*, 484 U.S. 873, 108 S.Ct. 211, 98 L.Ed.2d 162 (1987); *Commonwealth v. Tempest*, 496 Pa. 436, 440, 437 A.2d 952, 954 (1981). It is settled law that a person may be mentally disturbed and still be judged legally sane under the *M'Naghten* test. *Commonwealth v. Banks*, 513 Pa. at 345–46, 521 A.2d at 15; *Commonwealth v. Tempest*, 496 Pa. at 441, 437 A.2d at 954; *Commonwealth v. Demmitt*, 456 Pa. 475, 481, 321 A.2d 627, 631 (1974).

A person who has been found guilty of first degree murder but mentally ill has been found to meet the definition of mental illness given by 18 Pa.C.S. § 314(c)(1), and also to have committed an "intentional killing," 18 Pa.C.S. § 2502(a), which is defined as "[k]illing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing," 18 Pa.C.S. § 2502(d). Appellant contends, however, that any person who is "mentally ill" as defined in 18 Pa.C.S. § 314(c)(1) is incapable, as a matter of law, of the willfulness, deliberateness, and premeditation that are essential to a finding of guilty of first degree murder. He asks that we remand the case to the trial court with instructions to vacate the verdict of guilty, but mentally ill, of first degree murder, to render in its place a verdict of guilty, but mentally ill, of third degree murder, 18 Pa.C.S. § 2502(c), and to sentence appellant accordingly.[2]

2. At oral argument, counsel for appellant also asserted that there is a constitutional basis to appellant's challenge to the verdict of guilty of first degree murder but mentally ill. He did not set forth the basis of

■ We note at the outset that the application of 18 Pa.C.S. § 314 is not limited to certain classes of offenses. Rather, under the terms of the statute, a person found guilty of *any* crime, including first degree murder, may also be found mentally ill. 42 Pa.C.S. § 9727 [3], which governs the disposition of defendants found guilty but mentally ill, and 18 Pa.C.S. § 314 evidence the legislature's "comprehensive attention to the problem of mentally ill offenders." *Commonwealth v. Comitz*, 365 Pa.Super. 599, 608, 530 A.2d 473, 477 (1987). It strains logic to assume, as appellant would have us do, that the legislature enacted a comprehensive plan to address mentally ill offenders, but neglected to mention that first degree murder was the only offense for which a verdict of guilty but mentally ill could not be returned. We cannot accept appellant's argument without violating the presumption, set forth at 1 Pa.C.S. § 1922(1), that the legislature does not intend an unreasonable result.

In interpreting the statutes at issue herein, our purpose is to effectuate the intention of the legislature. 1 Pa.C.S. § 1921(a). As this Court concluded in *Commonwealth v. Trill*, 374 Pa.Super. 549, 543 A.2d 1106 (1988), "the guilty but mentally ill verdict is merely the statutory articulation of our legislature's desire to allow the finder of fact to hold

the constitutional claim, however. Appellant did not raise any constitutional claims in the trial court, nor has he discussed any such claim in his appellate brief. Accordingly, we decline to address any possible constitutional challenges. We note that *Commonwealth v. Trill*, 374 Pa.Super. 549, 543 A.2d 1106 (1988), contains an extensive discussion of the constitutionality of 18 Pa.C.S. § 314.

**3.** 42 Pa.C.S. § 9727(a) provides that
[a] defendant found guilty but mentally ill or whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S. § 314 (relating to guilty but mentally ill) may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense. Before imposing sentence, the court shall hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment pursuant to the provisions of the [Mental Health Procedures Act, 50 P.S. § 7101 et seq.].

42 Pa.C.S. § 9727 also addresses treatment, prerelease and parole, and probation in relation to persons found guilty but mentally ill.

responsible those mentally ill defendants who deviate from the laws of this Commonwealth, while at the same time providing them with the humane psychiatric treatment for their mental infirmities." *Id.*, 374 Pa.Superior Ct. at 577, 543 A.2d at 1120. *Accord, Commonwealth v. Larkin,* 518 Pa. 225, 228, 542 A.2d 1324, 1326 (1988); *Commonwealth v. Cain,* 349 Pa.Super. 500, 520, 503 A.2d 959, 969 (1986). The legislature was also concerned with limiting the number of persons "who ... were improperly being relieved of all criminal responsibility through utilization of the insanity verdict." *Commonwealth v. Trill,* 374 Pa.Super. at 585, 543 A.2d at 1124. With regard to defendants found guilty but mentally ill,

> the General Assembly determined that this classification of individuals is capable of possessing the requisite mens rea for the attachment of criminal responsibility. In other words, those individuals who have been found guilty but mentally ill are both "sick" and "bad" (i.e., criminally responsible).

*Id.*, 374 Pa.Superior Ct. at 583, 543 A.2d at 1123. If, as prior case law indicates, the intent of the legislature was to hold guilty but mentally ill defendants responsible for their criminal acts, on the assumption that they possessed the requisite mens rea, we will not presume to find in the relevant statutes an unwritten, implicit exception for one class of defendants, those found guilty of first degree murder but mentally ill.

Appellant contends that this Court's opinion in *Commonwealth v. Johnson,* 373 Pa.Super. 312, 541 A.2d 332 (1988), requires a different result. In *Johnson,* a panel of this Court concluded that "there was sufficient evidence to allow the jury to find that appellant was not mentally ill at the time of the killing and, therefore, that the killing was willful, deliberate, and premeditated." *Id.*, 373 Pa.Superior Ct. at 327, 541 A.2d at 339. According to appellant, it follows from this conclusion that if a defendant *was* mentally ill, as defined in 18 Pa.C.S. § 314(c)(1), at the time of the killing, then the killing *was not* willful, deliberate, and premeditated.

However, the issue before this Court in *Johnson* was whether the verdict of guilty of first degree murder was against the weight of the evidence and was unsupported by sufficient evidence, given testimony which allegedly showed that appellant's "mental illness at the time of the offense negated an element of the crime of first degree murder, i.e., specific intent." *Id.*, 373 Pa.Superior Ct. at 321–25, 541 A.2d at 337–38. It was held that because the jury had been presented with conflicting evidence as to whether appellant was mentally ill at the time of the offense, the evidence of the specific intent necessary for first degree murder was sufficient and the verdict was not against the weight of the evidence. *Id.*, 373 Pa.Superior Ct. at 325–26, 541 A.2d at 339. This Court was not presented with, and did not rule upon, the issue of whether a defendant found to have been mentally ill at the time of the offense can, as a matter of law, be found to have possessed the specific intent necessary to commit first degree murder. Accordingly, the Court's opinion in *Johnson* does not support appellant's argument.

█ If we were to conclude that appellant's mental illness, as defined in 18 Pa.C.S. § 314(c)(1), at the time he committed the offense in question necessarily negated an element of the offense of first degree murder, we would, of course, be required to vacate the conviction of first degree murder. We conclude, however, that the finding of mental illness under § 314(c)(1) does not have such an effect. As our Supreme Court has explained, a willful, deliberate and premeditated killing, as is required for a finding of first degree murder, "is one where the actor has a specific intent to bring about the death of the victim." *Commonwealth v. Nelson*, 514 Pa. 262, 270, 523 A.2d 728, 732 (1987), *cert. denied*, 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987). In the present case, the trial court's finding that appellant was "mentally ill" shows that appellant lacked substantial capacity either to appreciate that his conduct was wrong or to conform his conduct to the requirements of the law. It does not, however, indicate that appellant was unable to form a specific intent to bring about the victim's death.

Accordingly, we perceive no inherent inconsistency in a verdict of guilty of first degree murder but mentally ill.

Our analysis of the relevant case law and statutes indicates that in enacting the guilty but mentally ill statute, 18 Pa.C.S. § 314, the legislature did not intend to provide defendants charged with first degree murder with a statutory basis for negating the specific intent element of the offense. Instead, the legislature's intent was to provide for the humane treatment of defendants who, although mentally ill, were nevertheless guilty of the offense charged. A finding that a defendant was mentally ill, as defined by the legislature, does not negate the specific intent element of the offense of first degree murder. Appellant's claim is, therefore, without merit, and the judgment of sentence is affirmed.

Judgment of sentence affirmed.

BROSKY, J., files a concurring statement.

BROSKY, Judge, concurring:

I join the opinion of the majority yet would like to write separately to stress one point. I believe the proper focus of our inquiry should be first on whether or not a finding of guilty but mentally ill is inconsistent with a finding of guilt as to murder in the first degree. I believe considerations of legislative intent should arise only to the extent necessary to answer that inquiry, if at all, and consequently, I believe we should refrain from such a discussion.

The majority quite aptly demonstrates that there is nothing to indicate the legislature's belief that a guilty but mentally ill verdict cannot be returned on a first degree murder charge. However, the fact remains that the finding in this case, by virtue of the legislature's definition, is tantamount to a finding that appellant lacked a substantial capacity to either appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. If by making this finding we would have to conclude that a necessary element of first degree murder was negated, we would be duty bound to vacate that conviction regardless of legislative intent. However, as also demon-

strated by the majority, it appears that a finding of guilty but mentally ill does not necessarily negate an element necessary for first degree murder. Our Supreme Court described the elements of that crime in the following manner:

Section 2502(a) of the Crimes Code, 18 Pa.C.S. § 2502(a) states that "[a] criminal homicide constitutes murder of the first degree when it is committed by an *ntentional killing*" (emphasis added). The phrase "intentional killing" is defined as a "willful, deliberate and premeditated killing." 18 Pa.C.S. § 2502(d). This Court has held that a "willful, deliberate and premeditated killing" is one where the actor has a specific intent to bring about the death of the victim.

*Commonwealth v. Nelson*, 514 Pa. 262, 523 A.2d 728 (1987).

Although, the finding in the present case would indicate that appellant either lacked a substantial capacity to understand that stabbing the victim was wrong or, perhaps, knowing that this was wrong, lacked a substantial capacity to refrain from stabbing the victim regardless of that understanding, it would not necessarily mean that he was incapable of developing a specific intent to kill the victim. As such, and as noted in the majority opinion, the finding that appellant was guilty but mentally ill of first degree murder is not necessarily inconsistent.