579 A.2d 945

COMMONWEALTH of Pennsylvania

v.

Kendall Lee HATFIELD, Appellant.

Superior Court of Pennsylvania.

Argued June 11, 1990.

Filed Sept. 4, 1990.

Brian P. McVan, Glenside, for appellant, Submitted.

Mary MacNeil Killinger, Asst. Dist. Atty., Norristown, for Com., appellee.

Before POPOVICH, HOFFMAN and HESTER, JJ.

HESTER, Judge:

Kendall Lee Hatfield appeals from the judgment of sentence entered in the Court of Common Pleas of Montgomery County on September 21, 1989, following his conviction by a jury of two counts of both robbery and aggravated assault and one count each of first degree murder, burglary, theft, receiving stolen property, and possessing an instrument of crime. He was sentenced to life imprisonment. In this timely appeal, appellant challenges the constitutionality of 18 Pa.C.S. § 314, which permits a jury to render a verdict of guilty but mentally ill in certain cases. For the reasons set forth below, we affirm.

The facts may be summarized as follows. At 10:00 a.m. on September 30, 1988, appellant unsuccessfully attempted to break into the Bryn Mawr residence of Patricia Ann Cardone. He fled the scene and entered another residence in the area belonging to Jane Brown. Appellant climbed the stairs and, utilizing a towel, grabbed Mrs. Brown by the

throat. Following a brief struggle, appellant forced Mrs. Brown into a closet. He then ransacked her jewelry box, removed $100 from her purse, and fled.

As appellant was walking to the intersection of Mount Pleasant and Waverly Roads, he was stopped by Officer Edward Setzer of the Lower Merion Township Police Department, who was investigating the attempted burglary of the Cardone residence. While the officer attempted to determine appellant's identity, appellant's description was broadcast over the police radio. When Officer Setzer put his hand on his gun, appellant attacked him. During the ensuing struggle, appellant managed to climb on top of the officer and pin his arms to the ground. He then grabbed Officer Setzer's gun, fired one shot at the officer's chest, and fled. The officer died from his wound.

On October 13, 1988, appellant was arrested and charged with numerous crimes arising from the three incidents. Six months later, after the court refused to accept his plea of guilty but mentally ill, trial on the matter began. During the course of that proceeding, appellant, who did not present an insanity defense, unsuccessfully sought permission to introduce evidence of his diminished mental capacity. The jury convicted him of two counts of aggravated assault, two counts of robbery, one count of first degree murder, one count of burglary, one count of theft, one count of receiving stolen property, and one count of possessing an instrument of crime. The trial court subsequently denied post-verdict motions and imposed sentence. This appeal followed.

Appellant challenges the constitutionality of 18 Pa.C.S. § 314, which permits a jury to render a verdict of guilty but mentally ill under certain circumstances. In support of this challenge, he contends that since the statute permits defendants asserting only the affirmative defense of insanity to introduce evidence that could support the permissible verdict, it violates the equal protection provisions of both the fourteenth amendment of the United States Constitution

and article I, section 2 of the Pennsylvania Constitution.[1] We disagree.

 In order to properly resolve the issue posited by appellant, we must examine 18 Pa.C.S. § 314, determine whether a defendant, under its terms, may introduce evidence of mental illness without presenting an insanity defense, and decide if any distinction between defendants who present an insanity defense and those who do not violates equal protection. We initially consider 18 Pa.C.S. § 314 which, in pertinent part, states:

> (a) *General rule.*—A person who timely offers a defense of insanity in accordance with the Rules of Criminal Procedure may be found "guilty but mentally ill" at trial if the trier of facts finds, beyond a reasonable doubt, that the person is guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the commission of the offense.

While § 314 does not specifically deal with the issue of when evidence of mental illness may be introduced by a criminal defendant, we find that by implication it indicates that such proof may be introduced only in conjunction with a defense of insanity.

It long has been clear that in order for evidence to be admissible, it must be both relevant and competent. *See Commonwealth v. Davis,* 381 Pa.Super. 483, 554 A.2d 104 (1989); *see also Commonwealth v. Hill,* 340 Pa.Super. 155, 489 A.2d 889 (1985).

> Though "relevance" has not been precisely or universally defined, the courts of this Commonwealth have repeatedly stated that evidence is admissible if, and only if, the evidence logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the ex-

---

**1.** We note that despite an assertion to the contrary by the Commonwealth, appellant raised and pursued this matter at trial. *See* Notes of Testimony ("N.T."), 7/21/89, at 288–93. Accordingly, it is clear that the matter is properly before us.

istence of a material fact. *Commonwealth v. Potts*, [314 Pa.Super. 256, 276], 460 A.2d [1127,] 1137 [ (1983) ]; *see also Commonwealth v. Doe*, 316 Pa.Super. 1, 7, 462 A.2d 762, 765 (1983).

*Commonwealth v. Davis, supra*, 381 Pa.Super. at 491, 554 A.2d at 108. Since the section in question, by permitting a verdict of guilty but mentally ill only in those cases where the affirmative defense of insanity has been invoked, indicates that a defendant's mental illness is not at issue absent such a defense, we conclude that evidence of mental illness is irrelevant and therefore, inadmissible.

█ We turn to the question of whether this restriction violates the equal protection clauses of either the United States or Pennsylvania Constitutions, keeping in mind that a strong presumption exists in favor of the constitutionality of all lawfully enacted legislation. *Commonwealth v. Santiago*, 376 Pa.Super. 54, 545 A.2d 316 (1988). Under the equal protection clauses of both the fourteenth amendment of the United States Constitution and article I, section 2 of the Pennsylvania Constitution, the Commonwealth must afford its citizens the equal protection of the law. *Commonwealth v. Trill*, 374 Pa.Super. 549, 543 A.2d 1106 (1988). However, it need not treat every citizen alike. *Id.* In those cases where the Commonwealth does draw distinctions between various classes of persons, they must be reasonably justified. *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986); *Commonwealth v. Bottchenbaugh*, 306 Pa.Super 406, 452 A.2d 789 (1982).

It is clear that:

When addressing an equal protection challenge, we must initially ascertain the appropriate degree of scrutiny to which the challenged act is to be subjected. Equal protection analysis recognizes three types of governmental classification, each of which calls for a different standard of scrutiny. The appropriate standard of review is determined by examining the nature of the classification and the rights thereby affected. In the first type of case, where the classification relates to who may exercise a

fundamental right or is based upon a suspect trait such as race or national origin, strict scrutiny is required. When strict scrutiny is employed, a classification will be invalid unless it is found necessary to the achievement of a compelling state interest.

The second type of case involves a classification which, although not suspect, is either sensitive or important, but not fundamental. Such a classification must serve an important governmental interest and be substantially related to the achievement of that objective.

The third type of situation involves classifications which are neither suspect nor sensitive or rights which are neither fundamental nor important. Such classifications will be valid as long as they are rationally related to a legitimate government interest.

*Commonwealth v. Bell, supra,* 512 Pa. at 344–45, 516 A.2d at 1177–78 (citations omitted).

■ In the present case, the distinction implicitly created by 18 Pa.C.S. § 314 relates to when a criminal defendant may introduce evidence of mental illness. It is unquestioned that the distinction, which is premised upon whether that defendant presents the affirmative defense of insanity, does not relate to a suspect classification. In addition, as mental illness is not a defense to criminal conduct, *see* 18 Pa.C.S. § 315; *Commonwealth v. Sohmer,* 519 Pa. 200, 546 A.2d 601 (1988); *Commonwealth v. Ruth,* 309 Pa.Super. 458, 455 A.2d 700 (1983); *Commonwealth v. Demmitt,* 456 Pa. 475, 321 A.2d 627 (1974), and does not act to mitigate punishment for it, *see* 42 Pa.C.S. § 9727 and *Commonwealth v. Sohmer, supra,* we find that the right to present evidence of it is not fundamental. Therefore, in order to determine whether 18 Pa.C.S. § 314 is constitutional, we must decide if the distinction at issue rationally is related to a legitimate government interest.

One of the goals that the legislature attempted to accomplish in adopting 18 Pa.C.S. § 314, was to limit the number of persons who were escaping criminal responsibility through utilization of the insanity verdict. *See Common-*

*wealth v. Trill, supra.* It is clear that this purpose is not improper. *Id.* As the statute, by implication, permits only those defendants who raise the defense of insanity to introduce evidence of mental illness, we conclude that it bears a rational relationship to the goal articulated above. Accordingly, the distinction challenged by appellant does not render 18 Pa.C.S. § 314 unconstitutional.[2]

Judgment of sentence affirmed.

**2.** This decision is consistent with our holding in *Commonwealth v. Trill, supra,* where, in response to both equal protection and due process claims, we found that 18 Pa.C.S. § 314 is not unconstitutional.