654 A.2d 1104

COMMONWEALTH of Pennsylvania,

v.

William ECK, Appellant, (Three Cases).

Superior Court of Pennsylvania.

Argued Nov. 16, 1994.

Filed Feb. 10, 1995.

P.J. Redmond, West Chester, for appellant.

William R. Scullion, Deputy Prosecutor, York, Martha J. Duvall, Asst. Dist. Atty., Gettysburg & David P. Wingert, Asst. Dist. Atty., Lebanon, for Com., appellee.

Before CAVANAUGH, POPOVICH and SAYLOR, JJ.

SAYLOR, Judge:

This is a consolidated appeal from the judgments of sentence of the Courts of Common Pleas of York County, Adams County and Lebanon County. We affirm.

During the early morning hours of June 28, 1990, Appellant, William Eck, entered the York County residence of Rose Allander, who was asleep in her bedroom. Appellant had previously been involved in a sporadic relationship with Allander's daughter. Arming himself with a long piece of wood, Appellant went to Allander's bedroom and brutally beat her on the head while threatening and attempting to break her neck. As he was beating Allander, Appellant questioned her about her daughter. When Appellant was discovered by one

of Allander's sons, he dropped the piece of wood and fled from the home.

Later that same day, Appellant entered the Adams County residence of William and Sandra Anders, who were not at home. Appellant stole a .22 caliber pistol and a box of ammunition, as well as several knives. Appellant then proceeded to the residence of Charles Bayer, which was also located in Adams County. Appellant, carrying the gun and bleeding from his right hand, complained that he had been dodging the police all day and told Bayer that if he tried anything, he would get hurt. Appellant then directed Bayer to drive him to Lebanon County in Bayer's van. During the trip, Appellant experienced auditory and visual hallucinations. Appellant parted company with Bayer at 6:30 p.m. that evening, leaving Bayer unharmed.

On the following day, June 29, 1990, Appellant entered the Lebanon County residence of Delores Tinker, who was not at home. While waiting for Tinker to return home, Appellant consumed food and beverages, took a shower, searched Tinker's closet and drawers, and obtained bandages. When Tinker returned home at 9:30 p.m., she encountered Appellant in her utility room. Appellant pointed a gun at her, warned her not to do anything "stupid," and ordered her to drive him to Jonestown, in Lebanon County. Tinker complied with Appellant's demand and drove him to a trailer park in Jonestown, at which time she exited her vehicle and escaped from Appellant.

Appellant continued travelling in Tinker's vehicle until he arrived in Monroe County, where he was apprehended by the Pennsylvania State Police. A .22 caliber pistol that matched the description of the gun which Appellant had pointed at Bayer was recovered from Appellant, and the pistol was determined to be the one that Appellant had taken from the Anders' home.

Appellant was tried without a jury in York County and was found guilty but mentally ill on charges of aggravated assault, burglary, recklessly endangering another person and terroristic threats. Appellant was sentenced in the aggravated range

on the aggravated assault charge, receiving a sentence of eight to twenty years imprisonment. Appellant received concurrent sentences on all other charges. Following the denial of his post-trial motions, Appellant filed a timely appeal.

A bench trial was also held in Adams County, where Appellant was found guilty but mentally ill on charges of kidnapping, unlawful restraint, false imprisonment, robbery, simple assault, terroristic threats, theft, unauthorized use and burglary. Appellant was sentenced, and later filed post-trial motions which the trial court denied. Appellant subsequently filed a timely appeal.

Appellant was also tried without a jury in Lebanon County and was found guilty but mentally ill on charges of burglary, kidnapping, unlawful restraint, simple assault, recklessly endangering another person, robbery, theft by unlawful taking, crimes with firearms and two counts of violating the Uniform Firearms Act. Appellant was sentenced, and following the denial of his post-trial motions, he filed a timely appeal.

In this consolidated appeal from the judgments of sentence of the Courts of Common Pleas of York County, Adams County and Lebanon County, Appellant raises the following issues:

1) Whether the York County trial court erred in finding that Appellant's mental illness was an aggravating factor in imposing Appellant's sentence?

2) Whether the Lebanon, Adams and York County trial courts erred in holding Appellant criminally culpable for the acts proven at trial by verdicts of guilty but mentally ill?

3) Whether the Lebanon County trial court erred in concluding that the Commonwealth adduced sufficient evidence to convict Appellant of robbery?

4) Whether the Lebanon County trial court erred in concluding that the Commonwealth adduced sufficient evidence to convict Appellant of burglary?

5) Whether the York County trial court erred in concluding that the Commonwealth adduced sufficient evidence to convict Appellant of burglary?

 First, Appellant contends that the York County trial court erred in sentencing him in the aggravated range for the crime of aggravated assault. Specifically, Appellant claims that the trial court erroneously considered his mental illness as an aggravating factor in imposing sentence.[1]

 The record in this case belies Appellant's assertion. The trial court, in ruling on Appellant's motion for modification of sentence, specifically enumerated the aggravating factors that it considered in imposing sentence: the nature of the crime in the instant case; the serious injuries inflicted on Rose Allander; Appellant's history of violent crimes, including third degree murder; the fact that Appellant was on probation at the time he committed the instant offenses; the unlikelihood of rehabilitation; and Appellant's threats to kill Rose Allander by breaking her neck. Although the trial court mentioned the fact that Appellant was mentally unstable at the time of the commission of the offense, there is no evidence that the court relied upon this factor in imposing the aggravated sentence; rather, the trial court based its decision on the other overwhelming factors which indicated Appellant's violent disposition and the necessity to sentence him accordingly. Therefore, the York County trial court did not abuse its discretion in sentencing Appellant in the aggravated range for the crime of aggravated assault.

 Secondly, Appellant contends that all three trial courts erred in finding that he was not legally insane under the current test for insanity in Pennsylvania, as initially set forth

1. Appellant, in his first issue, challenges the discretionary aspect of the sentence he received for aggravated assault, claiming in essence that the trial court erred in considering his mental illness as an aggravating factor. As an initial matter, a challenge to the discretionary aspects of a sentence requires an appellant to set forth in his brief a separate concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). Additionally, an appellant must raise a substantial question regarding the appropriateness of his sentence, which would permit this court to accept the appeal as to this issue. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Here, Appellant has failed to comply with either the provisions of Rule 2119(f) or *Tuladziecki*, and accordingly, has waived the issue. However, even if the issue was properly before us, a review of the record reveals it to be meritless.

in *M'Naghten's Case*, 10 Cl. & Fin. 200, 8 Eng.Rep. 718 (1843), and later adopted by the Pennsylvania Supreme Court in *Commonwealth v. Mosler*, 4 Pa. 264 (1846). *See, Commonwealth v. Woodhouse*, 401 Pa. 242, 164 A.2d 98 (1960). Under the *M'Naghten* Rule,

"to establish a defense on the ground of insanity, it must be clearly proved that, at the time of committing the act, the party accused was labouring under such a defect of reason, from the disease of the mind, as not to know the nature and quality of the act he was doing, or if he did know it that he did not know he was doing what was wrong."

*Commonwealth v. Woodhouse, supra*, 401 Pa. at 249–250, 164 A.2d at 103, quoting *M'Naghten's Case*, 10 Cl. & Fin. 200, 8 Eng.Rep. 718 (1843).

The *M'Naghten* Rule was later codified by the Pennsylvania legislature in section 315 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 101 et seq., as follows:

For purposes of this section, the phrase "legally insane" means that, at the time of the commission of the offense, the actor was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong.

18 Pa.C.S.A. § 315(b).

In claiming that the trial courts erred in applying the *M'Naghten* Rule, Appellant requests that this court adopt the definition of legal insanity which is set forth in The Model Penal Code, drafted by the American Law Institute in 1962:

A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality [wrongfulness] of his conduct or to conform his conduct to the requirement of law.

Although Pennsylvania has declined to adopt this standard as the legal test for insanity, the legislature has incorporated

it into the Crimes Code under the definition of "guilty but mentally ill." 18 Pa.C.S.A. § 314. Under this section,

> [a] person who timely offers a defense of insanity in accordance with the Rules of Criminal Procedure may be found "guilty but mentally ill" at trial if the trier of fact finds, beyond a reasonable doubt, that the person is guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the offense.

18 Pa.C.S.A. § 314(a). .

Here, Dr. Gerald Cooke, a psychologist who testified on behalf of Appellant at trial, stated that Appellant appreciated the wrongfulness of his conduct but, because of a mental disease or defect, lacked substantial capacity to conform his conduct to the requirements of the law. Thus, under Pennsylvania's legal definition of insanity, Appellant was not insane at the time he committed the offenses.

Nonetheless, Appellant urges this court to adopt the Model Penal Code definition of insanity, which is the same as Pennsylvania's "guilty but mentally ill" standard, and thereby absolve him of criminal responsibility. Pennsylvania courts have repeatedly held that mental illness is not a defense to criminal conduct, *see, Commonwealth v. Hatfield,* 397 Pa.Super. 90, 579 A.2d 945 (1990); *Commonwealth v. Sohmer,* 519 Pa. 200, 546 A.2d 601 (1988); *Commonwealth v. Ruth,* 309 Pa.Super. 458, 455 A.2d 700 (1983); *Commonwealth v. Demmitt,* 456 Pa. 475, 321 A.2d 627 (1974), and the constitutionality of 18 Pa.C.S.A. § 314 has repeatedly been upheld as well. *See, Commonwealth v. Trill,* 374 Pa.Super. 549, 543 A.2d 1106 (1988), *allocatur denied,* 522 Pa. 603, 562 A.2d 826 (1989). In *Trill,* the Superior Court noted that

> [our] legislature settled upon what they believed to be the most comprehensive legal definitions available to describe the terms "mentally ill" and "legal insanity" and incorporated them into Pennsylvania's guilty but mentally ill statutory scheme.... We will not second guess the rectitude of this choice.

*Commonwealth v. Trill, supra,* 374 Pa.Super. at 595–596, 543 A.2d at 1129. Indeed, one of the goals of the Pennsylvania legislature in adopting 18 Pa.C.S.A. § 314 was to limit the number of persons who were escaping criminal responsibility through utilization of the insanity defense. *Commonwealth v. Hatfield,* 397 Pa.Super. 90, 579 A.2d 945 (1990), citing *Commonwealth v. Trill, supra. See also, Commonwealth v. Morris,* 385 Pa.Super. 563, 561 A.2d 1236 (1989).

Accordingly, having found Appellant's argument controverted by both case law and statute, we will neither revisit his contention, nor will we accept his invitation to reexamine the intent of the legislature in adopting the current legal definitions of insanity and "guilty but mentally ill." Therefore, because the trial courts properly applied the existing law of Pennsylvania in regard to insanity and the "guilty but mentally ill" verdict, we find no reversible error.

■ In his third, fourth and fifth issues, Appellant challenges the sufficiency of the evidence in support of his robbery and burglary convictions in Lebanon County and his burglary conviction in York County. In reviewing a challenge to the sufficiency of the evidence, this court must

> view the evidence in the light most favorable to the Commonwealth and, drawing all reasonable inferences therefrom favorable to the Commonwealth, determine if there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt.

*Commonwealth v. Stoyko,* 504 Pa. 455, 462, 475 A.2d 714, 718 (1984).

■ Appellant was convicted of robbery by the Lebanon County trial court. Appellant contends that because he was charged with robbery, as defined by 18 Pa.C.S.A. § 3701(a)(1)(v),[2] his conviction cannot stand because he did not use force to obtain Tinker's vehicle.

However, prior to the commencement of trial, the trial court permitted the Commonwealth to amend the criminal complaint

---

2. Section 3701(a)(1)(v) of the Crimes Code requires that the defendant physically take or remove property from another person by force, however slight.

so that Appellant's actions, as stated under the robbery count of the complaint, constituted a violation of 18 Pa.C.S.A. § 3701(a)(1)(ii).[3] Thus, proof that force had been used was not a necessary element of the crime charged. The Commonwealth established that Appellant pointed a gun at Tinker as he commanded her to drive him to Jonestown. This act, coupled with the circumstances under which the trip to Jonestown was made, was sufficient to establish that Appellant intentionally put Tinker in fear of, and did in fact threaten her with, serious bodily injury. Accordingly, the evidence was sufficient to support Appellant's conviction for robbery.

Appellant was convicted of burglary by both the Lebanon County and York County trial courts. Appellant contends that he did not possess the requisite intent to commit a crime at the time he entered the residences of Tinker and Allander.

Burglary is defined by 18 Pa.C.S.A. § 3502(a) as the entering of a building or occupied structure with the intent to commit a crime therein. Thus, the crime of burglary must be accompanied by specific intent. *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975). Here, contrary to Appellant's assertion, the evidence supports the conclusion that Appellant specifically intended to commit a crime at the time he entered the residence of Allander, as well as at the time he entered the residence of Tinker.

In regard to Appellant's burglary conviction for the acts he committed in York County, the evidence adduced at trial established that Appellant had previously stated that he hated Allander and was going to kill her. The specific intent to commit a crime necessary to establish the intent element of burglary may be found in a defendant's words or conduct, or from the attendant circumstances together with all reasonable inferences therefrom. *Commonwealth v. Tingle*, 275 Pa.Super. 489, 419 A.2d 6 (1980), citing *Commonwealth v. Madison*,

**3.** Section 3701(a)(1)(ii) of the Crimes Code requires that a defendant threaten another person with serious bodily injury or put the person in fear of serious bodily injury.

263 Pa.Super. 206, 397 A.2d 818 (1979). Here, Appellant's statements, coupled with his surreptitious entry into Allander's home and his arming himself with a piece of wood, supports the conclusion that Appellant possessed the specific intent to commit the crime of aggravated assault at the time he entered Allander's home. Accordingly, the York County trial court did not err in finding that the evidence was sufficient to support Appellant's burglary conviction.

Similarly, the circumstances surrounding Appellant's unauthorized entry into Tinker's home in Lebanon County support the conclusion that Appellant intended to commit a crime at the time of entry. *Commonwealth v. Tingle, supra; Commonwealth v. Madison, supra,* 263 Pa.Super. at 206, 397 A.2d 818. *See also, Commonwealth v. Kennedy,* 499 Pa. 389, 453 A.2d 927 (1982) (specific intent as to the crime of burglary may be inferred from the circumstances surrounding entry of the accused). Here, the evidence at trial established that Appellant had appropriated food and other household items upon entering Tinker's residence, and that, in addition, several large pieces of duct tape were found hanging from a chair rail behind the entry door, suggesting an intent to confine or abduct Tinker. Accordingly, the evidence was sufficient to support the Lebanon County trial court's finding that Appellant was guilty of burglary.

Judgments of sentence affirmed.