J-S11020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL DENNIS | |
| Appellant | No. 3542 EDA 2014 |

Appeal from the Judgment of Sentence November 20, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004749-2011

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                     **FILED MAY 06, 2016**

Michael Dennis appeals from the judgment of sentence imposed on November 20, 2014, in the Court of Common Pleas of Montgomery County. On January 10, 2013, a jury convicted him of six counts of possession with intent to deliver, and simple possession, four counts of criminal use of communications facility, and one count each of corrupt organizations, dealing in proceeds of unlawful activities, and criminal conspiracy.[1] The court sentenced Dennis to an aggregate term of 18 to 36 years' imprisonment. On appeal, Dennis challenges the discretionary aspects of his sentence. For the reasons below, we affirm.

_____

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 7512, 911, 5111(a) and 903(a), respectively.

Dennis's convictions stem from his critical involvement in a large and complex cocaine distribution organization. Dennis was tried with two co-defendants. As noted **supra**, the jury convicted him of multiple crimes related to the drug ring. The trial court originally sentenced Dennis on April 1, 2013, to a term of 21 to 42 years' imprisonment, which was based, in part, on a mandatory minimum sentencing scheme. On direct appeal, a panel of this Court vacated the judgment of sentence and remanded for re-sentencing because the imposed mandatory minimum scheme had been held unconstitutional pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013). **See Commonwealth v. Dennis**, 106 A.3d 178 [2961 EDA 2013] (Pa. Super. 2014) (unpublished memorandum).[2] The panel affirmed the judgment in all other aspects.

_____

[2] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. This Court has held that the mandatory minimum sentencing statute under which Dennis was sentenced, 18 Pa.C.S.A. § 7508, is constitutionally invalid pursuant to **Alleyne**, and that defendants who were sentenced under Section 7508 and whose cases were pending on direct appeal at the time **Alleyne** was decided, are entitled to relief. **See Commonwealth v. Watley**, 81 A.3d 108 (Pa. Super. 2013) (_en banc_), _appeal denied_, 95 A.3d 277 (Pa. 2014). **See also Dennis**, 106 A.3d 178 (Pa. Super. 2014) (unpublished memorandum at 5-6).

Following remand, on November 20, 2014, the trial court imposed an aggregate sentence of 18 to 36 years' imprisonment.[3] Dennis did not file a post-sentence motion, but did file an appeal. On December 30, 2014, the trial court ordered Dennis to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

During this time, private counsel for Dennis filed an application to withdraw as counsel with this Court on February 3, 2015. Counsel also notified the court of his intent to file an **Anders**[4] brief, and subsequently filed a statement pursuant to Pa.R.A.P. 1925(c)(4). On February 25, 2015, this Court, by *per curiam* order, granted counsel's application to withdraw, and directed the trial court to determine Dennis's eligibility for court-appointed counsel. Counsel was appointed, and he filed an advocate's brief, rather than an **Anders** brief. The trial court, in reliance of prior counsel's Rule 1925(c)(4) statement,[5] did not address the merits of Dennis's appellate issues. **See** Memorandum, 3/31/2015, at 1-2.

Dennis now raises the following discretionary aspects of sentencing issue for our review:

---

[3] A detailed breakdown of the sentencing scheme was set forth by the trial court at the resentencing hearing. **See** N.T., 11/20/2014, at 7-10.

[4] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[5] Our review of the record also indicates present counsel did not request to amend the concise statement.

The trial court abused its discretion by imposing an aggregate sentence of not less than 18 years, nor more than 36 years, of incarceration upon the 37 year-old [Dennis] who had never been convicted of a felony offense where:

- the trial court imposed sentences which were consecutive and unreasonable under the circumstances of the case in that the trial court sentenced [Dennis] to the same sentence he received when it was thought the mandatory sentencing provisions of the [D]rug [A]ct applied; and,

- the trial court imposed sentences which were within the sentencing guidelines but the application of the guidelines was clearly unreasonable under the circumstances of the case; and,

- the trial court erred in sentencing [Dennis] and other defendants who opted for jury trials, to a more severe sentence than those similarly situated that pled guilty or engaged in less onerous litigation.

Dennis's Brief at 8.

We begin with the well-settled standard of review for a claim challenging a discretionary aspect of sentencing:

Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a

claim is not absolute." ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citations and quotation marks omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).

Here, while Dennis filed a timely notice of appeal and included the requisite statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief, a review of the record reveals he did not raise his sentencing claim in a post-sentence motion or at sentencing. ***See Commonwealth v. Reaves***, 923 A.2d 1119, 1125 (Pa. 2007) (stating that "failure to file a motion for reconsideration after failing to object at sentencing [] operates to waive issues relating to the discretionary aspects of sentencing"); ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) ("To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal.") (citations omitted); ***see also*** Pa.R.A.P. 302(a). Therefore, Dennis's failure to preserve his sentencing claim constitutes

waiver of the sole claim on appeal.[6]  Accordingly, we affirm the judgment of

sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2016

---

[6]  The Commonwealth points out that Dennis also waived his claims when he failed to raise them in a concise statement.  **See** Commonwealth's Brief at 7. While we need not address this issue based on our analysis above, we would agree.  **See Commonwealth v. Oliver,** 946 A.2d 1111, 1115 (Pa. Super. 2008) ("In **Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005), the Supreme Court affirmed the bright-line rule established in **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998), which requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement."), _appeal denied_, 960 A.2d 838 (Pa. 2008); **see also Commonwealth v. Kitchen**, 814 A.2d 209, 214 (Pa. Super. 2002) ("Just as an appellant can waive a challenge to the discretionary aspect of sentence by failing to include a separate concise statement of the reasons relied upon for allowance of appeal in his appellate brief under Pa.R.A.P. 2119(f), **Commonwealth v. Eck**, 439 Pa. Super. 530, 654 A.2d 1104 (Pa. Super. 1995), waiver will be found where the issue is not raised in the 1925(b) statement.").