J-A25026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JARRED DALE BLAUSER | : | |
| | : | |
| Appellant | : | No. 337 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 4, 2022
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000284-2021

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: FEBRUARY 7, 2023**

Appellant Jarred Dale Blauser appeals from the judgment of sentence imposed after he pled guilty to one count each of aggravated assault of a child less than six years old and endangering the welfare of a child (EWOC).[1] Appellant contends that the trial court abused its discretion by sentencing him outside the sentencing guidelines, imposing an excessive sentence, and failing to consider relevant sentencing factors and mitigating evidence. Following our review, we affirm.

The trial court summarized the facts of this case as follows:

On May 29, 2021, [Appellant's] two-month-old child received multiple injuries while under his supervision. [Appellant] struck the child twice on his body with a closed fist causing injury and bruising. [Appellant] also hit the child on his head and face at least twice with the back of his hand. The victim needed to be

---

[1] 18 Pa.C.S. §§ 2702(a)(8) and 4304(a)(1), respectively.

transported to the Children's Hospital in Pittsburgh in order to treat his injuries. It was further reported that [Appellant] had previously struck his paramour's three-year-old daughter in the face giving her a black eye.

Trial Ct. Op., 4/11/22, at 1.

Appellant was charged on June 9, 2021, with two counts of aggravated assault of a child less than six-years old and two counts of EWOC. On November 18, 2021, Appellant entered an open guilty plea to one count each of aggravated assault and EWOC.[2] The aggravated assault charge stemmed from Appellant hitting his two-month-old child, and the EWOC charge stemmed from Appellant hitting his paramour's three-year-old-daughter. *See* Trial Ct. Op. at 2. On February 4, 2022,[3] the trial court sentenced Appellant to a term of sixty to 120 months' imprisonment for aggravated assault and a consecutive term of twelve to twenty-four months' imprisonment for EWOC, resulting in an aggregate sentence of seventy-two to 144 months' imprisonment, with credit for time served of 241 days. Sentencing Order, 1/28/22, at 1-3. The trial court also ordered that Appellant be subject to a period of 12 months' reentry supervision. *See* 61 Pa.C.S. § 6137.2.

Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence. The trial court denied this motion on

---

[2] The Commonwealth *nolle prossed* the remaining charges.

[3] The trial court originally sentenced Appellant on January 28, 2022. After the court determined that it inadvertently omitted the mandatory twelve-month reentry supervision pursuant to 61 Pa.C.S. § 6137.2, the court held a second hearing on February 4, 2022, to correct this oversight.

February 25, 2022.  Appellant filed a timely notice of appeal on March 17, 2022.  Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for review:

1. Did the [t]rial [c]ourt impose a sentence that failed to properly abide by the requirements for fashioning a sentence outside of the guidelines[?]

2. Did the [t]rial [c]ourt abuse its discretion by fashioning a sentence outside of the guidelines that was manifestly unreasonable[?]

Appellant's Brief at 30.

Appellant contends that the trial court abused its discretion by sentencing him outside the sentencing guidelines, failed to consider relevant sentencing factors, relied on factors already subsumed in the guidelines, and imposed a manifestly excessive sentence.  Appellant's Brief at 37-53.  Both of Appellant's interrelated claims challenge the discretionary aspects of his sentence, and we address them concurrently.

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right.  An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Instantly, Appellant preserved his sentencing claims in a post-sentence motion, filed a timely appeal, and included a Pa.R.A.P. 2119(f) statement in his brief.[4] *See* Appellant's Brief at 24-26. Further, we conclude that Appellant has presented a substantial question for review. *See, e.g.*, *Commonwealth v. Roane*, 204 A.3d 998, 1002 (Pa. Super. 2019) (explaining that allegations that the trial court failed to consider the relevant factors and imposed a manifestly excessive sentence raise a substantial question); *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004) (holding that a claim that the sentencing court imposed a sentence outside the guidelines presents a substantial question). Accordingly, we will address Appellant's appeal on the merits.

---

[4] Technically, Appellant did not include a separate and distinct Rule 2119(f) statement in his brief, and merely referred to his Rule 1925(b) statement. *See* Appellant's Brief at 33. However, the Commonwealth has expressly waived its objection to the omission of a Rule 2119(f) statement, so the omission by Appellant is not fatal to his appeal. *See* Commonwealth's Brief at 9 n.2; *Commonwealth v. Lynch*, 242 A.3d 339, 346 (Pa. Super. 2020) (holding that this Court may overlook a Rule 2119(f) violation if the Commonwealth fails to object).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." ***Id.*** at 848 (citation omitted).

Additionally, this Court has explained that

the sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it [is] not bound by the sentencing guidelines. The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." When a court chooses to depart from the guidelines[,] however, it must "demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines." Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b).

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (some citations omitted and formatting altered). "The requirement that the court provide a contemporaneous written statement is satisfied when the judge

states his reasons for the sentence on the record and in the defendant's presence." **Commonwealth v. Durazo**, 210 A.3d 316, 321 (Pa. Super. 2019) (citations and quotation marks omitted).

"When reviewing a sentence outside of the guidelines, the essential question is whether the sentence imposed was reasonable." **Id.** (citing **Commonwealth v. Walls**, 926 A.2d 957, 963 (Pa. 2007); **Sheller**, 961 A.2d at 190). "A sentence may be found unreasonable if it fails to properly account for" the four statutory factors of Section 9781(d). **Sheller**, 961 A.2d at 191. "Even if the sentencing court relied on factors that were subsumed into the guideline recommendation, . . . there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines." **Id.** at 192 (citations omitted).

Further, "[w]here the sentencing judge had the benefit of a [PSI], it will be presumed that he was aware of relevant information regarding [the defendant's] character and weighed those considerations along with the mitigating statutory factors." **Fullin**, 892 A.2d at 849-50 (citation omitted).

Here, the trial court addressed Appellant's claims as follows:

> This court gave five reasons for sentencing [Appellant] to the maximum sentence permitted by law at Count 1. These factors were explained in detail on the record at sentencing and also appear in the sentence order. The young age of the victim, two months old, was an aggravating factor. The sentence was aggravated because the victim was the biological child of [Appellant], and the aggravated assault occurred while the victim was in [Appellant's] sole care. This court also found that the nature of the assault and the injuries suffered by the victim to be an aggravating factor. [Appellant's] demonstrated inability to

- 7 -

understand the serious nature of his offenses, take responsibility for his actions, or understand his need for rehabilitation was an aggravating factor at sentencing. [Appellant's] prior assault of a three-year-old child left in his care where he did not seek help and continued to care for small children two weeks before assaulting the victim was an aggravating factor this court considered at sentencing.

The young age of the victim can be an aggravating factor at sentencing even for crimes where a victim below a certain age is an element of the offense. *See* [*Durazo*, 210 A.3d at 324], *Walls*, 926 A.2d at 966[-67]. In *Walls*, the Pennsylvania Supreme Court found that the fact that the victim was seven years old could be used as an aggravating factor at sentencing for rape or IDSI with: a victim less than thirteen years old. [*Walls*,] 926 A.2d at 966[-67]. The Superior Court considered the age of a five-week-old victim as an aggravating factor during sentencing for the crime of assault on a child under the age of thirteen. *Durazo*, 210 A.3d at 324. The Court has held that a victim's particularly young age "could justify an above-guideline sentence which might be more heinous than the rape of an older child." *Walls*, 926 A.2d at 966.

Under the reasoning of *Walls* and *Durazo*, the age of a two-month-old infant victim can be an aggravating factor at sentencing for the crime of assault with a victim under six years of age. The helplessness of a two-month-old infant compared to a five-year-old child makes this crime particularly heinous, and this court reasonably considered the victim's age as an aggravating factor. A two-month-old is completely unable to defend himself, to yell for help, to flee from his abuser, or to report the assault to another. A two-month-old is more susceptible to permanent injury and death as the result of repeated trauma to his head and torso.

The court may also aggravate a sentence if the defendant was a relative of the victim and the victim was in the sole care of the victim at the time of the crime. *Durazo*, 210 A.3d at 322 (aggravated because defendant was in sole caregiving role as a babysitter); *Commonwealth v. Conte*, 198 A.3d 1169, 1177-78 (Pa. Super. 2018); *Walls*, 926 A.2d at 967 (aggravated because the defendant was in a "position of trust and responsibility" over the child victim and was the victim's grandfather). The Superior Court has permitted sentencing courts to aggravate a sentence when the defendant was in a "parental position of trust" at the

time of the crime. *Conte*, 198 A.3d at 1178. [Appellant] in this case is the biological father of the victim. At the time of the assault, [Appellant] was in a sole caregiving role over the victim. This Court may aggravate [Appellant's] sentence for both his role as a parent and as the sole caregiver at the time of the assault.

A sentence may be aggravated due to the extent of the victim's injuries. *Durazo*, 210 A.3d at 322; [*Commonwealth*] *v. Eck*, 654 A.2d 1104, 1106 (Pa. Super. 1995). In *Durazo*, one of the aggravating factors that led to a defendant receiving the maximum sentence for was the extent of the injuries inflicted on a five-week-old infant victim. [*Durazo*,] 210 A.3d at 322. The two-month-old victim['s] injuries included bruising on the torso, head, and face, and the victim required hospitalization. The child was assessed in the local hospital emergency room and transported to Children's Hospital in Pittsburgh because of the concern for internal injuries. This court was justified in considering the victim's injuries as an aggravating factor to sentence [Appellant] to the maximum sentence permitted by law.

The court aggravated [Appellant's] sentence for failing to understand the serious nature of his offenses, take responsibility for his actions, or understand his rehabilitation needs. A lack of remorse can be used as an aggravating factor at sentencing. *Commonwealth v. Begley*, 780 A.2d 605, 644 (Pa. 2001); *see also Commonwealth v. Bowen*, 975 A.2d 1120, 1125 (Pa. Super. 2009) ("it is undoubtedly appropriate for a trial court to consider a defendant's lack of remorse as a factor at sentencing, provided that it is specifically considered in relation to protection of the public, the gravity of the offense, and the defendant's rehabilitative needs."). The Superior Court has also affirmed sentences where a failure to take responsibility was an aggravating factor. *Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa. Super. 2006). In this case, [Appellant] called his conduct "irresponsible" and blamed his behavior on character defects like narcissism, and self-centeredness. He seemed to believe that he could return as a caregiver to the victim and the other child he previously assaulted after receiving some parenting classes. [Appellant] has failed to acknowledge the violent and intentional character of his actions. His belief that he could return in short order as a caretaker of the children indicates that he does not understand the severity of his crimes. By failing to understand the gravity of his crimes or take responsibility for them, this court was permitted to aggravate his sentence on this basis. In *Walls*, the defendant's characterization of his sexual assaults of his

- 9 -

grandchild as "accidents" was properly determined to be an aggravating factor. [**Walls**,] 926 A.2d at 967. In addition, [Appellant] here did not accept responsibility for his conduct until a third party took the child for medical treatment, increasing the risk of untreated injuries, the police were called to the hospital, and the children's mother reported that [Appellant] was alone with the child when the infant incurred his injuries and the mother further disclosed that [Appellant] had previously assaulted her [three]-year-old. It was then that [Appellant] admitted his conduct and decided to attempt to take responsibility.

The court was justified in aggravating [Appellant's] sentence due to his prior conduct of hitting a three-year-old child in his care. [Appellant] should have immediately sought treatment, isolated himself from caregiving, sought help from some of the supportive family and friends that wrote on his behalf, or otherwise taken steps to ensure the safety of these children.

Trial Ct. Op. at 10-13 (some formatting altered); *see also* N.T. Sentencing Hr'g, 1/28/22, at 17-31 (trial court stated its reasons for the sentence).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The record indicates that the trial court reviewed the PSI report prior to sentencing and was aware of Appellant's rehabilitative needs, as well as the danger Appellant posed to the children in his care. *See Fullin*, 892 A.2d at 849-50 (explaining that when the trial court had the benefit of a PSI report, we may presume it was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating factors); *see also* Trial Ct. Op. at 10-15. The trial court also considered the relevant sentencing factors, the sentencing guidelines, and stated its reasons for imposing a sentence that exceeded the guideline range. *See Durazo*, 210 A.3d at 321; *Sheller*, 961 A.2d at 190); *see also* Trial Ct. Op. at 11-13.

In any event, even if the trial court relied on factors already subsumed in the guidelines, we discern no abuse of discretion because the trial court had "significant other support for its departure from the sentencing guidelines." *See Sheller*, 961 A.2d at 192 (citation omitted). Here, the sentencing court explained that it relied on the very young age of the victim, Appellant's relationship with the victim (*i.e.*, parent and child), and Appellant's failure to take responsibility for his actions as aggravating factors to impose a sentence outside the guidelines. *See* Trial Ct. Op. at 10-13. On this record, we conclude that the trial court properly considered the aforementioned circumstances as aggravating factors within its discretion. *See* 18 Pa.C.S. § 2702(a)(8); *see also Durazo*, 210 A.3d at 324 (stating that "to the extent that [18 Pa.C.S. § 2702(a)(9)] delineates a crime for assault on a child under the age of 13, nothing prevents the court from considering the extreme age difference of the victim, such as . . . where the victim was a 5-week-old, defenseless baby" as an aggravating sentencing factor). Under these circumstances, we have no basis to conclude that the trial court's sentence was unreasonable nor an abuse of discretion. *See Durazo*, 210 A.3d at 321; *see also Sheller*, 961 A.2d at 190.

For these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2023