J-S27005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOAN M. MEJIA-MARTE | : | |
| | : | |
| Appellant | : | No. 74 EDA 2025 |

Appeal from the Judgment of Sentence Entered November 21, 2024
In the Court of Common Pleas of Wayne County
Criminal Division at No: CP-64-CR-0000273-2024

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 17, 2025**

Appellant, Joan M. Mejia-Marte, appeals from the judgment of sentence entered in the Court of Common Pleas of Wayne County on November 21, 2024. Before this Court, Steven E. Burlein, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

The trial court summarized the relevant background as follows.

[Appellant] pled guilty on November 8, 2024, to the following: Possession of a Controlled Substance with Intent to Deliver, 35 P.S. § 780-113(a)(3) ("Count 1"); Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32) ("Count 3"); Driving Under the Influence of a Controlled Substance, 75 Pa.C.S.A. § 3802(d)(2) ("Count 8"); and, in Information No. 406-2024-CR, Simple Assault 18 P.S. § 2701(a)(1) ("Count 6"). On November 21, 2024, the [c]ourt sentenced [Appellant] to a total sentence of

_____

[*] Former Justice specially assigned to the Superior Court.

forty-seven (47) to ninety-six (96) months of incarceration in a State Correctional Institution, and ordered that the sentence run consecutive to Lackawanna County Information Nos. 273-2014-CR and 2070-2014-CR. The [c]ourt noted in the sentencing order that Counts 1 and 3 [were] in the aggravated range due to [Appellant] committing those offenses while on state parole, and Count 6 is in the aggravated range due to [Appellant] committing the offense while pending disposition in Information No. 273-2024-CR.

On November 27, 2024, [Appellant] filed a Motion to Modify Sentence. The [c]ourt denied the Motion on November 29, 2024, and the instant appeal followed. [Appellant] raises the following issue on appeal: that the [trial court] erred in sentencing [Appellant] in the aggravated range with regard to Counts 1 and 3, due to [Appellant]'s desire to participate in state drug treatment, among other mitigating information given at sentencing.

Trial Court Opinion, 2/7/25, at 1-2.

As noted, counsel has submitted to this Court an *Anders* brief and application to withdraw. The following legal principles apply to our consideration of the brief and application:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on [a]ppellant's behalf).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).[1]

Our Supreme Court has further detailed counsel's duties as follows:

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once we conclude that counsel fulfilled all these requirements, we proceed to examine the record to determine whether the case is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*).

Based upon our examination of Attorney Burlein's petition to withdraw and *Anders* brief, we conclude that he has complied with the requirements set forth above. He provided an appropriate summary of the facts and procedural history. *See Anders* Brief at 9-10. The brief states that the appeal is frivolous and presents its reasons, with citation to pertinent legal authority. *Id.* at 14-15. Further, counsel supplied the brief to Appellant and advised him of his right to hire new counsel or proceed *pro se* in this Court. Appellant did not avail himself of that right. Accordingly, we can proceed to "'make an independent judgment to decide whether the appeal is in fact wholly

_____

[1] We note that Appellant did not file a *pro se* response or retain private counsel for this appeal.

frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quoting **Santiago**, 978 A.2d at 354 n.5); **see also Yorgey**, 188 A.3d at 1197.

Counsel identifies a single issue that would arguably support an appeal, namely whether the sentencing court erred/abused its discretion in sentencing Appellant in the aggravated range regarding counts 1 and 3, "due to [Appellant]'s desire to participate in state drug treatment, among other mitigating information given at sentencing." Trial Court Opinion, 2/7/25 at 2; **see also Anders** Brief at 14 (Appellant was concerned that "his overall aggregate sentence length would impair his eligibility for state drug treatment").

A challenge to the imposition of a sentence in the aggravated range involves the discretionary aspect of sentencing. **Commonwealth v. Shugars**, 895 A.2d 1270, 1273 (Pa. Super. 2006). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect[;][2] and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

---

[2] Where counsel files an **Anders** brief, this Court has not required a separate Rule 2119(f) statement. **See**, **e.g.**, **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted).

A review of the record reveals that the instant appeal was timely filed, that the claim at issue here was properly preserved in a motion to reconsider and modify sentence, that the brief has no fatal defects, and that Appellant has raised a substantial question for our review. *See, e.g., Commonwealth v. Anderson*, 552 A.2d 1064 (Pa. Super. 1988) (Appellant's claim that the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question); *Commonwealth v. Smith*, 206 A.3d 551, 567 (Pa. Super. 2019) (a claim that the trial court erred by imposing an aggravated-range sentence without consideration of mitigating circumstances raises a substantial question). We now proceed to make an independent judgment to decide whether the appeal is in fact frivolous. *See Flowers*, *supra*.

> Our well-settled standard of review of sentencing claims is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Shugars**, 895 A.2d at 1275.

In context of an aggravated-range sentence, this Court has explained:

When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. . . . Furthermore, a trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range. The sentencing court, however, must also consider the sentencing guidelines.

**Id.** (internal citations, quotations, and brackets omitted).

Additionally, the trial court must state its reasons for the sentence on the record when imposing an aggravated-range sentence. **See Commonwealth v. Mrozik**, 213 A.3d 273, 278 (Pa. Super. 2019). "Trial courts are permitted to use prior conviction history and other factors already included in the guidelines if, they are used to supplement other extraneous sentencing information." **Shugars**, 895 A.2d at 1275 (emphasis removed) (internal citation and quotations omitted); **see also Commonwealth v. Clemat**, 218 A.3d 944, 960 (Pa. Super. 2019) (holding that an aggravated range sentence is justified to the extent that the individual circumstances of the defendant's case are atypical of the crime for which the defendant was convicted, such that a more severe punishment is appropriate). Additionally, when a trial court has reviewed a PSI, it is presumptively aware of, and has

considered, the relevant information, including the defendant's mitigating statutory factors. **See Commonwealth v. Burns**, 765 A.2d 1144, 1151 (Pa. Super. 2000).

Here, the trial court explained the sentence as follows:

Prior to sentencing [Appellant], the [c]ourt considered [Appellant]'s criminal history and history of drug abuse. The [c]ourt recognized [Appellant]'s long-time struggle with addiction but was troubled by the fact that [Appellant] had multiple prior convictions involving possession of a controlled substance with intent to deliver. The [c]ourt noted that [Appellant] had eleven (11) prior convictions with two of those conviction being possession with intent to deliver. The [c]ourt agreed that the state treatment program would be beneficial to [Appellant]. Notwithstanding [Appellant]'s desire to treat his addiction, [Appellant]'s criminal history is significant, and the aggravated sentences are justified.

Statement of Reasons, 2/7/24, at 2; **see also** N.T. Sentencing, 11/21/24, at 7-10 (unnumbered).

Regarding the aggravated range, the court specifically mentioned that the imposition of an aggravated range sentence in connection with Counts 1 and 3 was based on Appellant committing those offenses while on state parole. Statement of Reasons, 2/7/24, at 1; N.T. Sentencing, 11/21/24, at 8, 9. (unnumbered).

In sum, the trial court, which was in possession of Appellant's PSI - and thus presumptively aware of and considered Appellant's mitigating circumstances - explained that the aggravated sentence was justified in light of the fact that he committed the offenses at issue here while on state parole. The trial court did not abuse its sentencing discretion in doing so. **See**, **e.g.**,

*Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa. Super. 2003) (holding that the fact a defendant is on parole at the time he committed new offenses is an extraneous factor that can be separately considered by the sentencing court); *Commonwealth v. Anderson*, 830 A.2d 1013, 1016 n.3 (Pa. Super. 2003) (quoting *Commonwealth v. Penrod*, 578 A.2d 486, 491 (Pa. Super. 1990) (finding that prompt or recent recidivism is an aggravating factor at the time of sentencing, because it gives "rise to an inference of intransigence rather than mere relapse following sincere attempts to reform")); *Commonwealth v. Eck*, 654 A.2d 1104, 1106-07 (Pa. Super. 1995) (considering information that crime committed while defendant was on probation as aggravating sentencing factor).

The true nature of Appellant's argument is not that the court failed to consider the pertinent sentencing factors, but rather that the court did not rule on Appellant's desire to participate in state drug treatment in a manner consistent with his wishes. That is not enough for us to conclude that the sentencing court abused its discretion in fashioning Appellant's sentence. *See*, *e.g.*, *Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017) (court does not abuse its sentencing discretion when it considers the relevant sentencing factors but weighs them in a manner inconsistent with the appellant's wishes).

Thus, the record supports counsel's conclusion that Appellant's challenge to the discretionary aspects of sentencing is frivolous, given our determination that the trial court did not abuse its discretion.

In sum, our independent review of the record confirms that Appellant's intended issues are frivolous, and our review reveals no additional issues of arguable merit. Accordingly, we grant Attorney Burlein's application to withdraw and affirm the judgment of sentence. ***See Yorgey***, 188 A.3d at 1197.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2025